UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| Kelly Taylor,<br><br>     Plaintiff,<br> v.<br><br>Lezama, Lester and Associates, LLC,<br><br>     Defendant. | Civil Action No.: 4:12-cv-00780<br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Kelly Taylor, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of the Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Kelly Taylor ("Plaintiff"), is an adult individual residing in Mansfield, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Lezama, Lester and Associates, LLC ("Lezama"), is a North Carolina business entity with an address of 2216 West Meadowview Road, Suite 205, Greensboro, North Carolina 27407, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.**   **The Debt**

6. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $120.00 (the "Debt") to Payday (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to Lezama for collection, or Lezama was employed by the Creditor to collect the Debt.

9. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.**   **Lezama Engages in Harassment and Abusive Tactics**

10. Within the last year, Defendant placed numerous calls to Plaintiff's cellular phone and Plaintiff's place of employment in an attempt to collect the Debt.

11. In the initial phone conversations, Defendant misleadingly identified itself as "LLA" and further failed to state that the reason for its call was to collect a debt.

12. Likewise, Defendant failed to identify who it was on every call placed to Plaintiff.

13. Additionally, a representative from Defendant misleadingly informed Plaintiff that she was a "processing attorney."

14. Furthermore, Defendant threatened to take legal action and informed Plaintiff that it was "going to be filing something in your county." To date, no legal action was filed against the Plaintiff.

15. On August 16, 2012, Plaintiff attempted to inform Defendant that she had retained legal representation. However, Defendant kept transferring her call, until Plaintiff was finally able to get through to the representative that had originally identified herself as the "processing attorney."

16. When Plaintiff provided this representative with her attorney's information, the representative stated that she had never said she was an attorney.

17. On one occasion, Defendant's persistent calls to Plaintiff's place of employment caused Plaintiff an anxiety attack which resulted in her leaving work for the day.

18. Defendant failed to send Plaintiff written validation of the Debt as required by 15U.S.C. § 1692g.

C. **Plaintiff Suffered Actual Damages**

19. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

20. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

21. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

23. The Defendant's conduct violated 15 U.S.C. § 1692d(6) in that Defendant placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

24. The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

25. The Defendant's conduct violated 15 U.S.C. § 1692e(3) in that Defendant misled the Plaintiff into believing the communication was from a law firm or an attorney.

26. The Defendant's conduct violated 15 U.S.C. § 1692e(5) in that Defendant threatened to take legal action, without actually intending to do so.

27. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

28. The Defendant's conduct violated 15 U.S.C. § 1692e(11) in that Defendant failed to inform the consumer that the communication was an attempt to collect a debt.

29. The Defendant's conduct violated 15 U.S.C. § 1692e(14) in that Defendant used a name other than the true name of the debt collection agency.

30. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

31. The Defendant's conduct violated 15 U.S.C. § 1692g(a) in that Defendant failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

32. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

33. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
## TEX. FIN. CODE ANN. § 392, et al.

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

36. The Defendant is each a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

37. The Defendant called the Plaintiff and failed to identify the name of the debt collection agency or the individual debt collector, with the intent to annoy and harass, in violation of Tex. Fin. Code Ann. § 392.302(2).

38. The Defendant caused a telephone to ring repeatedly, with the intent to annoy or abuse the Plaintiff, in violation of Tex. Fin. Code Ann. § 392.302(4).

39. The Defendant used a name other than that of its business, in violation of Tex. Fin. Code Ann. § 392.304(a)(1)(A).

40. The Defendant purported to be an attorney when it was not, in violation of Tex. Fin. Code Ann. § 392.304(17).

41. The Plaintiff is entitled to injunctive relief and actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(1) and (2) and to remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a).

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendant;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant;
4. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);
5. Actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);
6. Remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a);
7. Actual damages from the Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations;
8. Punitive damages; and
9. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: November 1, 2012

                Respectfully submitted,

                By */s/ Jody B. Burton*

                Jody B. Burton, Esq.
                CT Bar # 422773
                LEMBERG & ASSOCIATES, L.L.C.
                14785 Preston Road, Suite 550
                Dallas, Texas  75154

                *Counsel To:*
                LEMBERG & ASSOCIATES L.L.C.
                1100 Summer Street, 3rd Floor
                Stamford, CT 06905
                Telephone: (203) 653-2250
                Facsimile:  (203) 653-3424
                E-mail: jburton@lemberglaw.com
                Attorneys for Plaintiff