**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| Kelly Taylor, | : |
|                 Plaintiff, | : Civil Action No.: 4:12-cv-00780-Y |
| v. | : |
| Lezama, Lester and Associates, LLC, | : |
|                 Defendant. | : |

**BRIEF IN SUPPORT OF PLAINTIFF'S RENEWED MOTION TO
ENFORCE THE SETTLEMENT AGREEMENT**

Plaintiff, Kelly Taylor ("Taylor"), respectfully submits this Brief in support of her Renewed Motion to Enforce the Settlement Agreement. Plaintiff requests that the Court enforce the parties' Settlement Agreement (the "Agreement") and order Defendant, Lezama, Lester and Associates, LLC ("Lezama"), to comply with its terms forthwith.

### I.   PROCEDURAL BACKGROUND

Plaintiff filed the Complaint in this action on November 1, 2012. (Dkt. No. 1). Defendant was served with the Complaint on November 12, 2012, and proof of service was filed with the Court on November 27, 2012. (Dkt. No. 5).

In an attempt to resolve this matter short of trial, Plaintiff, through undersigned counsel, participated in settlement discussions with Defendant. (Burton Decl.[1] ¶3). On or about December 4, 2012, Defendant offered to settle this matter. (Burton Decl. ¶4). Plaintiff accepted Defendant's offer, and a Notice of Settlement was filed with the Court on December 6, 2012. (Burton Decl. ¶5; Dkt. No. 8). Thereafter, the parties jointly drafted the Agreement. (Burton

---

[1] "Burton Decl." refers to the Declaration of Jody B. Burton, Esq. submitted in support of this Motion.

Decl. ¶6). The parties agreed that the terms and conditions of the Agreement would be held confidential.[2] (Burton Decl. ¶7).

On December 17, 2012, Defendant executed the Agreement. (Burton Decl. ¶8). Plaintiff's counsel forwarded the Agreement to Plaintiff, who executed it on December 31, 2012. (Burton Decl. ¶9-10).

On May 22, 2013, Plaintiff filed a Motion to Enforce the Settlement Agreement. (Dkt. No. 16). On July 26, 2013, Plaintiff's counsel agreed to resolve the dispute by allowing Defendant to make monthly payments until the settlement amount was paid. (Burton Decl. ¶11). On August 7, 2013, Plaintiff notified the Court that the parties had resolved the settlement dispute, but that the Court would retain jurisdiction over enforcement of the Agreement. (Dkt. No. 22). Thereafter, the Court denied Plaintiff's Motion to Enforce the Settlement Agreement as moot. (Dkt. No. 23).

Since that time, Plaintiff's counsel has followed up with Defendant no less than three times regarding the status of the settlement funds. (Burton Decl. ¶12). Each time, Defendant assured Plaintiff's counsel that a payment would be or had been sent. (Burton Decl. ¶12). To date, Plaintiff has not received a single payment from Defendant. (Burton Decl. ¶13).

**II.     ARGUMENT**

In Texas, settlement agreements are "enforceable in the same manner as any other written contract." *Liberto v. D.F. Stauffner Biscuit Co., Inc.*, 441 F.3d 318, 323 (5th Cir. 2006) (internal quotation and citation omitted). "A contract is 'legally binding only if its terms are sufficiently definite to enable a court to understand the parties' obligations.'" *Id.* (quoting *Fort Worth Indep. School Dist. v. City of Fort Worth*, 22 S.W.3d 831 (Tex. 2000)). "Federal courts have held under

---

[2] Because the parties agreed that the Agreement would remain confidential, Plaintiff filed a copy of the agreement under seal on June 4, 2013. (Dkt. No. 19).

a great variety of circumstances that a settlement agreement once entered into cannot be repudiated by either party and will be summarily enforced." *Cia Anon Venezolana de Navegacion v. Harris*, 374 F.2d 33, 35 (5th Cir. 1967); *see also Weaver v. World Fin. Corp. of Texas,* 2010 WL 1904561, at *2 (N.D. Tex., May 12, 2010). The decision to grant or deny a motion to enforce a settlement agreement is committed to the sound discretion of the district court. *See Daftary v. Metropolitan Life Ins. Co.*, 136 F.3d 137 (5th Cir. 1998) (per curiam); *Weaver*, 2010 WL 1904561 at *1.

Here, the parties negotiated in good faith and together crafted the Agreement. The Agreement is clear and complete, and was executed by both parties. Defendant should therefore be bound by the terms of the Agreement, which require payment of the settlement funds to Plaintiff.

### III. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court grant her Renewed Motion to Enforce the Settlement Agreement and order Defendant to remit the settlement funds to Plaintiff's counsel.

Dated: October 16, 2013                           Respectfully submitted,

                                                         */s/ Jody B. Burton*
                                                         Jody B. Burton, Esq.
                                                         Lemberg & Associates, LLC
                                                         14785 Preston Road, Suite 550
                                                         Dallas, TX 75154
                                                         Tel: (203) 653-2250
                                                         Fax: (203) 653-3424
                                                         jburton@lemberglaw.com
                                                         *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that, on October 16, 2013, a true and correct copy of the foregoing Brief in Support of Renewed Motion to Enforce the Settlement Agreement and supporting documents was filed electronically by the U.S. District Court for the Northern District of Texas Electronic Document Filing System (ECF). A copy of this Notice was sent via First Class Mail, postage-pre-paid, to the following party:

Lezama, Lester & Associates, LLC
2216 West Meadowview Road, Suite 205
Greensboro, NC 27407

               */s/ Jody B. Burton*
               Jody B. Burton, Esq.